IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| NORENE RODRÍGUEZ, et al., <br><br> Plaintiffs, <br><br> v. <br><br> ENCOMPASS HEALTH REHABILITATION HOSPITAL OF SAN JUAN, INC., et al., <br><br> Defendants. | CIVIL NO. 21-1609 (CVR) |

**OPINION AND ORDER**

**INTRODUCTION**

This is a medical malpractice suit brought by Plaintiffs Norene Rodríguez and Iris Aida Rodríguez ("Plaintiffs") arising from the treatment rendered to their mother Mrs. Gloria Rodríguez González ("Mrs. Rodríguez") at co-Defendant Encompass Health Rehabilitation Hospital of San Juan, Inc. ("Encompass"). Mrs. Rodríguez arrived at Encompass for rehabilitation treatment and was transferred to a different medical facility several days later after her medical condition worsened, and where she passed away after a brief hospitalization. Plaintiffs bring this case against Encompass, Doctor José A. Báez Córdova, his wife Jane Doe and their Conjugal Partnership (hereinafter, collectively, "Dr. Báez"), and several unknown defendants for malpractice and vicarious liability under Puerto Rico Civil Code Articles 1536 and 1540, P.R. Laws Ann. tit. 31, §§ 10801 and 10805 (2020). Plaintiffs allege the medical treatment their mother received while at Encompass ultimately caused her demise.

Pending before the Court are two motions by Dr. Báez and Encompass seeking summary disposition of this case. Co-Defendant Dr. Báez proffers that the claims against

him must be dismissed based on the immunity offered by the Puerto Rico Insurance Code, P.R. Laws Ann. tit. 26, § 4105. (Docket No. 28). Said statute, in its relevant portion, offers immunity to healthcare professionals acting in furtherance of their duties and functions, including teaching duties, as employees of the Commonwealth of Puerto Rico in its agencies and instrumentalities. Dr. Báez contends that he was acting in that capacity at such an institution when the events that gave rise to this cause of action occurred. Therefore, Plaintiffs are barred from bringing this case against him.

Plaintiffs opposed the motion arguing that Dr. Báez was an Encompass' employee, or at the very least, that there are issues of fact as to the capacity in which Dr. Báez acted, which preclude summary judgment. (Docket No. 31). Dr. Báez replied thereto and asserted that the arguments presented in Plaintiffs' opposition were not supported by the evidence. (Docket No 36).

On the other hand, co-Defendant Encompass' motion raises several reasons for dismissal. (Docket No. 46). First, it avers there are no allegations as to its fault or negligence in the selection, supervision, or the granting of privileges to the physicians involved in Mrs. Rodríguez' treatment. Second, it argues that the vicarious liability claim must fail because it is premised on the actions of Dr. Báez, who is immune, and other physicians who are not defendants. Lastly, it points to a lack of indispensable parties, as the Complaint was brought only against Encompass and Dr. Báez, and the remaining physicians involved in Mrs. Rodríguez' treatment were never included in this case.

Plaintiffs opposed Encompass' motion but limited their opposition to repeating the same arguments contained in their opposition to Dr. Báez's motion for summary judgment. As such, Plaintiffs did not offer any developed arguments as to the remaining

reasons for dismissal presented by Encompass. (Docket No. 47).

For the reasons discussed below, the Court GRANTS both motions for summary judgment filed in this case by Dr. Báez and Encompass. Accordingly, this case is DISMISSED WITH PREJUDICE.

**STANDARD**

Summary judgment is appropriate if "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" establish that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56 (a) and (c). Pursuant to the explicit language of the rule, the moving party must establish this two-fold element. Vega-Rodríguez v. Puerto Rico Tel. Co., 110 F.3d 174, 178 (1st Cir. 1997).

After the moving party has satisfied this burden, the onus shifts to the resisting party to show that there still exists "a trial worthy issue as to some material fact." Cortés-Irizarry v. Corporación Insular, 111 F.3d 184, 187 (1st Cir. 1997). A fact is deemed material if it could potentially affect the outcome of the suit. Id. Moreover, there will only be a "genuine" or "trial worthy" issue as to such a "material fact," "if a reasonable fact-finder, examining the evidence and drawing all reasonable inferences helpful to the party resisting summary judgment, could resolve the dispute in that party's favor." Id. At all times during the consideration of a motion for summary judgment, the Court must examine the entire record "in the light most flattering to the non-movant and indulge all

reasonable inferences in the party's favor." Maldonado-Denis v. Castillo-Rodríguez, 23 F.3d 576, 581 (1st Cir. 1994).

Local Rule 56 imposes guidelines for both the movant and the party opposing summary judgment. A party moving for summary judgment must submit factual assertions in "a separate, short, and concise statement of material facts, set forth in numbered paragraphs." Loc. Rule 56(b). A party opposing a motion for summary judgment must then "admit, deny, or qualify the facts supporting the motion for summary judgment by reference to each numbered paragraph of the moving party's statement of facts." Loc. Rule 56(c). If they so wish, they may submit a separate statement of facts which they believe are in controversy.

Time and again, the First Circuit Court of Appeals has "emphasized the importance of local rules similar to Local Rule 56 [of the District of Puerto Rico]." Hernández v. Philip Morris USA, Inc., 486 F.3d 1, 7 (1st Cir. 2007); see also Colón v. Infotech Aerospace Servs., Inc., 869 F.Supp.2d 220, 225-226 (D.P.R. 2012). Rules such as Local Rule 56 "are designed to function as a means of 'focusing a district court's attention on what is - and what is not - genuinely controverted.'" Calvi v. Knox County, 470 F.3d 422, 427 (1st Cir. 2006)). Facts which are properly supported "shall be deemed admitted unless properly controverted" and the Court is free to ignore such facts that are not properly supported. Loc. Rule 56(e); Rodríguez-Severino v. UTC Aerospace Sys., 52 F.4th 448 (1st Cir. 2022).[1]

---

[1] Plaintiffs submitted a set of uncontested facts in support of their oppositions but many of the facts were immaterial to the issue at hand. Thus, the Court did not consider them. Others did not contain adequate citations to the record. For example, facts 8, 9 and 10 in Plaintiffs' opposition to Dr. Báez' motion, simply refer to "Exhibit D, *passim*". (Docket No. 31, Exhibit 1, p. 9). Exhibit D has 589 pages. It is not the Court's role to comb through the record for the relevant information that the parties want the Court to consider. See Loc. Rule 56(e). For this reason, these facts were likewise not considered.

## UNCONTESTED FACTS

1. Dr. Báez is a medical doctor with a specialty in physical and rehabilitation medicine and is an Assistant Professor in the University of Puerto Rico's ("UPR") Physical Medicine, Rehabilitation and Sports Medicine Department since 2001. (Docket No. 28, Exhibit 1, ¶¶3, 4; Docket No. 46, Exhibit 4, ¶4).

2. Dr. Báez has privileges at Encompass since 1999 as a Physical Medicine, Rehabilitation and Sports Medicine specialist. (Docket No. 31, Exhibit A, p. 8, l. 3-18).

3. In 2020, Encompass and the UPR entered into an "Institutional Affiliation Agreement for Educational Experience of Residents" (the "Agreement"). (Docket No. 28, Exhibit 3; Docket No. 46, Exhibit 4, ¶3).

4. The Agreement was in effect for the term of one (1) year, effective July 1, 2020. (Docket No. 28, Exhibit 3, p. 4, ¶V).

5. The Agreement was valid and in full force in October of 2020 when Mrs. Rodríguez was at Encompass. (Docket No. 28, Exhibit 3, ¶V; Docket No. 46, Exhibit 4, ¶ 5).

6. Under the Agreement, residents from the UPR's Physical Medicine, Rehabilitation and Sports Medicine residency program rotate through Encompass as part of their education. (Docket No. 28, Exhibit 3, p. 2; Docket No. 46, Exhibit 4, ¶¶ 3, 4).

7. Dr. Báez was one of the physicians responsible for the "administration, education, and/or supervision of the Resident(s) while rotating through Encompass." (Docket No. 28, Exhibit 3, p. 1; Docket No. 46, Exhibit 4, ¶¶ 4, 8).

Case 3:21-cv-01609-CVR   Document 51   Filed 10/23/23   Page 6 of 16

Norene Rodríguez, et al., v. Encompass Health Rehabilitation Hospital of San Juan, Inc., et al.
Opinion and Order
Civil 21-1609 (CVR)
Page 6
_____

8. Dr. Báez has admitting privileges at Encompass as a UPR faculty member for training of the residents in physical medicine and rehabilitation. (Docket No. 31, Exhibit A, pp. 7-8).

9. At all times relevant herein, Dr. Víctor Rosado ("Dr. Rosado"), Dr. Laura Serrano ("Dr. Serrano") and Dr. Claudia Jiménez ("Dr. Jiménez") were residents of the Physical Medicine, Rehabilitation and Sports Medicine residency program rotating through Encompass. (Docket No. 28, Exhibit 2, ¶8; Docket No. 46, Exhibit 4, ¶7).

10. On October 6, 2020, Mrs. Rodríguez was admitted to Encompass, where she was treated, among others, by Dr. Báez and his team of residents. (Docket No. 28, Exhibit 1, ¶ 7; Docket No. 46, Exhibit 4, ¶ 6).

11. From October 6 until October 10, 2020, Mrs. Rodríguez received medical attention from Dr. Rosado, Dr. Serrano, and Dr. Jiménez. (Docket No. 28, Exhibit 1, ¶8; Docket No. 46, Exhibit 4, ¶7).

12. The notes and orders entered by the above-mentioned residents in Mrs. Rodríguez's record were cross-signed by Dr. Báez. (Docket No. 28, Exhibit 1, ¶9; Docket No. 46, Exhibit 4, ¶9; and Docket No. 31-5, pp. 186, 201, 210, 225).

## LEGAL ANALYSIS

**A. Dr. Báez' Motion for Summary Judgment.**

Dr. Báez argues that Encompass is a teaching hospital with, as pertinent here, an agreement to provide training to interns, residents, and "fellows" under the Physical Medicine, Rehabilitation, and Sports Medicine Department of the UPR. Dr. Baez' position is that he currently is, and was acting at all relevant times, as an employee of the

UPR in a supervisory capacity of the program's resident physicians in training. He avers that the treatment provided to Mrs. Rodríguez by himself, and the program's residents was under the purview of said functions. As such, he is immune under the provisions of Puerto Rico law, P.R Laws Ann. tit. 26, § 4105.

In turn, Plaintiffs' position is that Encompass is a private institution and Dr. Báez was an Encompass' employee and therefore, not entitled to immunity. They additionally posit that other non-resident physicians at Encompass treated Mrs. Rodríguez but they offer no developed argument as to how this helps their case. In the alternative, Plaintiffs proffer that the record is unclear as to whether Dr. Báez was acting as a private physician, as an employee of Encompass, or as a teaching physician part of the UPR's program. For this reason and giving Plaintiffs the benefit of the inferences the motion for summary judgment stage affords them as the non-moving party, they posit this Court should conclude that, at best, there is an issue of material fact as to whether Dr. Báez is entitled to immunity which prevents summary disposition.

The Medical-Hospital Professional Liability Insurance Act ("the Act"), P.R. Laws. Ann. tit. 26, § 4105, provides that:

> [n]o healthcare professional (employee or contractor) may be included as a defendant in a civil action for damages because of culpability or negligence arising from professional malpractice while said healthcare professional acts in accordance with his duties and functions, including teaching duties, as an employee of the Commonwealth of Puerto Rico, its agencies, instrumentalities, the Comprehensive Cancer Center of the University of Puerto Rico, and the municipalities.

The Act contains three fundamental requirements for immunity to apply to the health services professionals that work for the government, its dependencies and instrumentalities, to wit: (1) the person who furnishes the [health] service must be a

health care professional; (2) the harm caused by his/her actions must have taken place in the practice of his profession; and, (3) he/she must have acted in compliance with his/her duties and functions as an employee of the Commonwealth of Puerto Rico, its agencies, instrumentalities, and/or municipalities. Hall v. Centro Cardiovascular de Puerto Rico y del Caribe, 899 F. Supp. 2d 106, 111 (D.P.R. 2012). The First Circuit has held that, for the immunity provision to apply, the healthcare professional must have been acting as a government employee at the time he/she committed the allegedly negligent acts. Frances-Colón v. Ramírez, 107 F.3d 62, 64 (1st Cir. 1997); Vázquez-Negrón v. E.L.A., 113 D.P.R. 148, 151 (1982).

There is no controversy in this case as to the first two elements, to wit, that Dr. Báez was a health care professional and that his actions of Mrs. Rodríguez took place in the practice of his profession. The controversy revolves around the third element, that is, whether or not he acted in compliance with his duties and functions as an employee of the Commonwealth of Puerto Rico. Dr. Báez argues that the attention and treatment provided by him was under the purview of the functions of the Act, that is, as an employee of the UPR, acting in the supervision of UPR's residents in training. As such, Dr. Báez claims that he is subject to the immunity conferred to physicians who are UPR's employees. The Court agrees.

The Agreement states in no uncertain terms that Dr. Báez was one of the doctors "responsible for the administration, education, coordination, and/or supervision of the Resident(s) while rotating through Encompass Health Rehabilitation Hospital of San Juan." (Docket No. 28, Exhibit 3, p. 1). Additionally, under said Agreement, the UPR would be responsible for the Resident's educational program, and expressly states that

Case 3:21-cv-01609-CVR   Document 51   Filed 10/23/23   Page 9 of 16

Norene Rodríguez, et al., v. Encompass Health Rehabilitation Hospital of San Juan, Inc., et al.
Opinion and Order
Civil 21-1609 (CVR)
Page 9
_____

"at no times shall resident or personnel of University of Puerto Rico be considered or represent themselves as agents, either express or apparent, officers, servants or employees of Encompass Health." (Id., p. 4). The Agreement also provides that the "Medical Sciences Campus of the University of Puerto Rico will be responsible for any act or omission incur [sic] by any student, resident or faculty of our institution, while acting within the scope of their duties at your institution…" (Id., p. 3).

Dr. Báez submitted with his motion an unsworn statement under penalty of perjury in which he declared that, from October 6 until October 10, 2020, Mrs. Rodríguez received medical attention from Dr. Rosado, Dr. Serrano, and Dr. Jiménez "all of who [sic] were Residents placed under [his] supervision by the UPR assigned at Encompass." (Docket No. 28, Exhibit 1, ¶8). Dr. Báez further stated that "all of the notes and orders entered by these residents were cross signed by [him], as the Attending Physician and Faculty Member." (Id., at ¶9). The statement also mentions that the treatment provided to Mrs. Rodríguez was "undertaken in the performance of my supervising and teaching duties of the residents of the UPR's PM&R [Physical Medicine and Rehabilitation] Residency Program", further bolstering his position. (Id., at ¶10).

Finally, Dr. Báez included in support of his position, a certification issued by the UPR's Physical Medicine, Rehabilitation, and Sports Medicine Department Director, Dr. William Micheo, certifying that: (1) Dr. Báez has been an Assistant Professor in the Physical Medicine, Rehabilitation and Sports Medicine Department since 2001 and (2) that Dr. Rosado, Dr. Serrano, and Dr. Jiménez were all residents of said residency program during the relevant timeframe. (Docket No. 28, Exhibit 2). These facts, coupled with the contractual language, all point towards the conclusion that Dr. Báez was not an

Case 3:21-cv-01609-CVR   Document 51   Filed 10/23/23   Page 10 of 16

Norene Rodríguez, et al., v. Encompass Health Rehabilitation Hospital of San Juan, Inc., et al.
Opinion and Order
Civil 21-1609 (CVR)
Page 10
_____

Encompass' employee and was acting instead as a UPR employee in his supervisory capacity of the residency program.

Plaintiffs' opposition posits that the Court should conclude that the evidence on the record at this stage does not clearly indicate in what capacity Dr. Báez acted. According to Plaintiffs, even if Dr. Báez was treating Mrs. Rodríguez through the UPR's residents, they argue that they have "proffered incontrovertible evidence that he was the Encompass' attending physician in charge of her, and that under his responsibility, other non-resident Encompass physicians treated her during her admission to Encompass." (Docket No. 31, p. 9).   In support thereof, Plaintiffs include the transcript of Dr. Báez' deposition.  However, instead of helping their case, this evidence directly contravenes their position. Upon questions posed by counsel for Plaintiffs during the deposition, Dr. Báez clearly stated that he was "an admitting faculty with privileges" at Encompass.  (Id., Exhibit A, at p. 7, l. 11-12). Dr. Báez then further clarified that "I have admitting privileges as a faculty of the University of Puerto Rico, for training of the residents in physical medicine and rehab" at Encompass.  (Id., at p. 7, l. 25; p. 8, l. 1-2).  Counsel made very specific question as to whether Dr. Báez was an Encompass' employee or a doctor who merely had privileges, to which Dr. Báez distinctly replied he only had privileges at Encompass.  (Id., at p. 8, l. 3-6).  Dr. Báez's testimony was clear-cut when he stated, for the record and under oath, that he was not an Encompass' employee, but rather, only had privileges there.  It is precisely Dr. Báez' title of faculty member and his role of supervising residents that allows him to have privileges at Encompass.  Moreover, as the record

Case 3:21-cv-01609-CVR   Document 51   Filed 10/23/23   Page 11 of 16

Norene Rodríguez, et al., v. Encompass Health Rehabilitation Hospital of San Juan, Inc., et al.
Opinion and Order
Civil 21-1609 (CVR)
Page 11
_____

shows, Dr. Báez was supervising residents as the attending physician when Mrs. Rodríguez was admitted.[2]

The medical record submitted by Plaintiffs themselves in their opposition also supports Dr. Báez's argument that he was acting only in a supervisory capacity to the residents during the medical treatment provided to Mrs. Rodríguez and not as an Encompass' employee. The record shows that Dr. Báez cross-signed notes by Dr. Jiménez (Docket No. 31-5, p. 186), Dr. Serrano (Id., pp. 201 and 210), and Dr. Rosado (Id., p. 225), as was his responsibility as attending physician to the rotating residents.

Plaintiffs challenge Dr. Báez's statement, saying it is self-serving and insufficient but offer no evidence to controvert the record evidence. The Court reminds Plaintiffs that "factual assertions by counsel in motion papers, memoranda, or briefs are generally not sufficient to generate a trial worthy issue." See Fragoso v. López, 991 F.2d 878, 887 (1st Cir. 1993). In fact, Plaintiffs cite to one of the undersigned's past cases, Ortíz González v. Velázquez, No. CV 16-1311 (CVR), 2018 WL 11219614, at *3 (D.P.R. Sept. 25, 2018) to stand for the proposition that Dr. Báez' statement is self-serving and therefore insufficient at the summary judgment stage. ("A conclusory statement unsupported by other evidence is insufficient to satisfy the burden on summary judgment"). Id. The difference between the present case and Ortíz González is that the present record *does* contain additional evidence for the Court to consider, namely, the Agreement between the parties detailing

---

[2] Plaintiffs aver that the UPR did not pay Dr. Báez's salary (Docket No. 31, p. 3). However, their citation of the record document, the Agreement in question, says nothing about Dr. Báez' salary. This fact could have easily been verified by Plaintiffs, but they fail to produce any evidence to so establish. Compounding Plaintiffs' predicament is that Encompass' motion also discussed this issue, and contained a statement by its Chief Executive Officer, Mr. Daniel del Castillo, which corroborated much of Dr. Báez' statement, and stated that "neither Dr. Jose Báez nor the Resident physicians mentioned above are, or have been, employees of Encompass." (Docket No. 46, Exhibit 4, ¶13). Simply put, there is no evidence before the Court to conclude that Dr. Báez was an Encompass' employee.

Case 3:21-cv-01609-CVR   Document 51   Filed 10/23/23   Page 12 of 16

Norene Rodríguez, et al., v. Encompass Health Rehabilitation Hospital of San Juan, Inc., et al.
Opinion and Order
Civil 21-1609 (CVR)
Page 12
_____

the responsibilities between them, Dr. Báez' deposition testimony under oath, Dr. Báez' statement, and a certification from the Director of the UPR's School of Medicine attesting to the fact that Dr. Báez is an Assistant Professor at that institution and the status of the residents in question.

Plaintiffs then attempt to remedy this situation by alleging that the exhibits presented by Dr. Báez were improperly included in the motion for summary disposition and argue that a hearing is necessary to determine their reliability and admissibility.[3] No hearing is necessary at this stage. Instead, it is Plaintiffs' burden to demonstrate that these documents would somehow be inadmissible at trial. See Fed. R. Civ. P. 56 (c)(2)("A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence"). They have failed to do so.

Plaintiffs also struggle to create an issue of fact by arguing that there is a "dearth of evidence that a student resident was present at all times of Mrs. Rodríguez admission." (Docket No. 31, p. 9). This seems to stem from the First Circuit case of Nieves v. University of Puerto Rico, 7 F.3d 270 (1st Cir. 1993), where counsel for Plaintiffs, Mr. Efrón, was also lead counsel. However, the issue in Nieves was whether the UPR's residents, who delivered a baby in a private facility, were UPR's employees entitled to immunity or independent contractors employed pursuant to a contract, and therefore not immune.[4]

---

[3] Plaintiffs had available all the avenues that the Federal Rules of Civil Procedure provide to contest or verify this information. For example, Plaintiffs could have deposed Dr. William Micheo, the Director of the UPR's program who signed the certification at Docket No. 28, Exhibit 2, to inquire as to the veracity of its contents. To come now at the summary judgment stage and argue that a hearing is necessary to do precisely what Plaintiffs should have done in discovery simply rings hollow.

[4] Nieves detailed the elements the Court must consider determining whether a resident was an employee or independent contractor. Plaintiffs' proffered facts suggest that the Court should consider these factors in this case. For example, Plaintiffs' proffered fact numbers 17 and 20 (Docket No. 31, Exhibit 1, p. 10) refer to the medical equipment used to treat Mrs. Rodríguez and the degree of control Encompass allegedly had over patient care, which were some of the facts the Court considered in Nieves. See Nieves, 7 F.3d at 280. As previously stated, however, the facts in the case

That is substantially different from the issues presented now, where Plaintiffs have always argued that Dr. Báez was an Encompass' employee and not an independent contractor. Additionally, the residents in the Nieves' case were proper defendants, whereas the residents in the present case have never been brought in as parties.

As part of Plaintiffs' opposition, they also mention in passing that other non-resident physicians, that is, Encompass' employees, treated Mrs. Rodríguez. This fact, however, does not make Dr. Báez ineligible for immunity because, pursuant to the Agreement, Encompass at all times had the "sole authority and control over all aspects of patient care…" (Docket No. 28, Exhibit 3, p. 2). Encompass, as the treating facility, has every right to assign to its patients whatever physicians it deems necessary, including its own staff. Therefore, this argument is unavailing.

Finally, Plaintiffs proffer that "Encompass professional relationship with the University of Puerto Rico medical school does not convert their employees into UPR Employees, nor gives them any kind of governmental immunity." (Docket No 31, p. 10). Defendants, as the moving party, have put forth evidence establishing that Dr. Báez and the residents involved in the present case *were* UPR employees. Now, with the ball squarely in their court, Plaintiffs forget that it is their responsibility at this juncture to show the Court that issues of fact exist which prevent summary disposition of this case. That is to say, Plaintiffs must bring forth specific evidence to contest that Dr. Báez was a UPR employee and/or acting in that capacity. See Mesnick v. General Elec. Co., 950 F.2d

---

at bar differ from those in Nieves, and Plaintiffs have advanced no reason as to why the Court should consider those elements, which are applicable to independent contractors, in the present situation.

816, 822 (1st Cir. 1991) ("a party opposing summary judgment must 'present definite, competent evidence to rebut the motion'"). Plaintiffs have failed in this regard.

The Court cannot conclude, from the evidence discussed above, that there is an issue of fact as to the capacity in which Dr. Báez acted. All the evidence before the Court supports Dr. Báez' argument that he was not an Encompass' employee, but rather, a UPR employee acting in a supervisory capacity of the program's resident physicians in training when Mrs. Rodríguez was treated. See Carrión v. United States No. CV 08-1498, 2009 WL 4030942 at *4 (D.P.R. Nov. 16, 2009) (the question to ask is whether the physician acted as an employee of the UPR at the time he offered the treatment).

For all the above reasons, the Court finds that Dr. Báez was acting in compliance with his teaching duties and functions as an Assistant Professor of the UPR's Physical Medicine, Rehabilitation and Sports Medicine Department, and thus is entitled to immunity from suit pursuant to P.R. Laws Ann. tit. 26, § 4105.

Accordingly, Dr. Báez's Motion for Summary Judgment (Docket No. 28) is GRANTED, and all claims filed against him are DISMISSED WITH PREJUDICE.

**B. Encompass' Motion for Summary Judgment.**

Encompass proffers there are no allegations, much less evidence, to establish a vicarious liability claim against it, and even if said allegations existed, they cannot lie due to Dr. Báez' immunity. It also argues that the Complaint contains no allegations and there is no evidence as to its negligence in the supervision or the granting of privileges to the physicians involved in Mrs. Rodríguez' treatment. Finally, it points to a lack of indispensable parties, insofar as the remaining physicians, who were allegedly involved

Case 3:21-cv-01609-CVR    Document 51    Filed 10/23/23    Page 15 of 16

Norene Rodríguez, et al., v. Encompass Health Rehabilitation Hospital of San Juan, Inc., et al.
Opinion and Order
Civil 21-1609 (CVR)
Page 15
_____

in treating Mrs. Rodríguez, were never brought in this case as defendants. Thus, these claims must also be dismissed.

Plaintiffs opposed this request, rehashing the same exact arguments regarding immunity tendered in their opposition against Dr. Báez' motion. However, Plaintiffs neglected to discuss Defendant Encompass' other arguments for dismissal.

It has long been held that "[i]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived". United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990). The First Circuit has also been clear in stating "[f]ederal courts will not do counsel's work," Holmes v. Spencer, 685 F.3d 51, 68 (1st Cir. 2012), and are not "obliged to dream up and articulate [parties'] arguments for them.; see also Rivera-Gómez v. de Castro, 843 F.2d 631, 635 (1st Cir. 1988) ("Judges are not expected to be mindreaders."). Finally, it has been said time and again that "litigants' have the obligation of 'highlighting the relevant facts and analyzing on-point authority.'" Rodríguez v. Mun. of San Juan, 659 F.3d 168, 175 (1st Cir. 2011).

Plaintiffs chose in the present case to concentrate their arguments solely on Dr. Báez' employee status and neglected to present any discussion whatsoever as to the remaining claims contained in Encompass' motion for summary disposition. The Court has already found that immunity covers Dr. Baez' actions, and hereby deems Plaintiffs' remaining claims waived. See Zannino, 895 F.2d at 17. Consequently, Encompass' motion for summary disposition of this case is GRANTED and all claims filed against it are DISMISSED.

**CONCLUSION**

In view of the foregoing, co-Defendant Dr. Báez' "Motion for Summary Judgment"

(Docket No. 28) and co-Defendant Encompass' "Motion for Summary Judgment" (Docket No. 46) are both GRANTED. As a result, thereof, all claims brought by Plaintiffs against co-Defendants Dr. Báez, his wife Jane Doe and their Conjugal Partnership, and Encompass are DISMISSED WITH PREJUDICE.

Judgment will be entered accordingly.

IT IS SO ORDERED.

In San Juan, Puerto Rico, on this 23rd day of October 2023.

                              S/CAMILLE L. VELEZ-RIVE
                              CAMILLE L. VELEZ-RIVE
                              UNITED STATES DISTRICT JUDGE